UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY MARCHBANKS,

    Petitioner,

v.

Case No. 1:06-cv-269
Hon. Gordon J. Quist

KURT JONES,

    Respondent.

_____/

**ORDER**

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is now before the court on petitioner's "motion to supplement statement of facts in habeas petition filed on 4/21/06 and bring ineffective assistance of counsel issue" (docket no. 48), in which he seeks to amend his pending habeas petition to include additional claims.

On September 26, 2003, petitioner was convicted of first and second-degree criminal sexual conduct in Cass County Circuit Court. Petitioner filed a direct appeal raising various issues in the Michigan appellate courts. His conviction was affirmed by the Michigan Court of Appeals on February 22, 2005. The Michigan Supreme Court denied his application for leave to appeal on August 30, 2005. Five months later, petitioner filed a petition seeking habeas review pursuant to § 2254. *Marchbanks v. Jones*, No. 1:05-cv-859 (W.D. Mich.) ("*Marchbanks I*"). The Court dismissed the petition without prejudice, because petitioner failed to exhaust his claim of ineffective assistance of appellate counsel. *Marchbanks I* (Opinion, April 11, 2006). The Court advised petitioner that he had nearly nine months (until November 28, 2006) to pursue his unexhausted ineffective assistance of counsel claims in the state courts or, in the alternative, he could file a new

petition at any time before the expiration of the limitations period raising only his exhausted claims. *Id.* The court determined that a stay of the proceedings to exhaust the new issue was not warranted. *Id.*

Petitioner, however, pursued both alternatives. On April 21, 2006, petitioner re-filed his petition challenging his conviction on the following grounds:

> I. Defense Counsel failed to object to damaging hearsay testimony by no less than four people. These statements were supposedly about a conversation between complainant and the four testifying [witnesses] four to five months after the [alleged] crime.
>
> II. During trial, petitioner objected to expert testimony brought by the prosecution witnesses Norman Saur which denied Due Process as guaranteed by the Fourteenth Amendment.
>
> III. Due Process by denial of Discovery which is guaranteed by the Fourteenth Amendment.
>
> IV. Due Process by admitting other acts evidence on rebuttal as guaranteed by the Fourteenth Amendment.

Petition (docket no. 1).

On November 24, 2006, petitioner moved "to hold habeas petition in abeyance or tolling of the statute of limitations" so that he could exhaust his claims of ineffective assistance of appellate counsel. The court denied this motion, because he did not demonstrate good cause for failing to exhaust this claim in the state court as required under *Rhines v. Weber*, 544 U.S. 269 (2005). *See* docket no. 45.

On June 5, 2007, petitioner filed the present motion, seeking to add claims of ineffective assistance of appellate counsel:

> V. Mr. Marchbanks was denied the effective assistance of appellate counsel, where counsel's cursory treatment of Mr. Marchbanks' issue forced the court of appeals to rule Mr. Marchbanks abandoned his claim of appeal.

> A. Defense counsel was ineffective for the reason that counsel did not object at trial to damaging hearsay testimony.
>
> B. It was error for the trial court to deny defendant's motions for discovery and production of [records] where the prosecutor had purposely withheld exculpatory evidence.

Memorandum of Law in support of petition for writ of habeas corpus at p. I (docket no. 48-3). Petitioner's motion is without merit for two reasons.

First, petitioner's motion should be denied as improperly filed contrary to the court's previous orders denying a stay and abeyance. As the court previously held, petitioner is not entitled to a stay and abeyance under *Rhines*, because he did not demonstrate good cause for failing to exhaust his ineffective assistance of appellate counsel claims in state court. Petitioner could not simultaneously pursue his exhausted claims in federal court and exhaust additional claims in the state courts absent a stay and abeyance.

Second, the new ineffective assistance of counsel claim remains unexhausted. Petitioner states that he commenced exhaustion of this claim on November 27, 2006, by filing a motion for relief from judgment pursuant to MCR 6.500 *et seq*. Petitioner attempts to demonstrate exhaustion of this claim by attaching copies of orders from the following courts: the Cass County Circuit Court, No. 02-010152-FC (Dec. 6, 2006); the Michigan Court of Appeals, No. 275136 (May 30, 2007); and Michigan Supreme Court, No. 128426 (Aug. 30, <u>2005</u>) (referencing Michigan Court of Appeals Case No. 252186) (emphasis added). These orders do not demonstrate successful exhaustion of the ineffective assistance of appellate counsel claim. None of the orders identify the issues raised in petitioner's motion for relief from judgment. Furthermore, the Michigan Supreme Court order referenced in petitioner's motion is from the direct appeal of his conviction (Michigan Court of Appeals Case No. 252186), not the appeal of his motion for relief from judgment (Michigan

Court of Appeals Case No. 128426).  The publicly available docket sheets of the Michigan Court of Appeals and the Michigan Supreme Court indicate that petitioner never sought leave to appeal the Court of Appeals May 30, 2007 order.[1]

Accordingly, petitioner's motion (docket no. 48) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  January 9, 2008                                    /s/ Hugh W. Brenneman, Jr.
                                                                            HUGH W. BRENNEMAN, JR.
                                                                            United States Magistrate Judge

---

[1] *See* http://courtofappeals.mijud.net/resources/public.htm. Petitioner's references to the Michigan Supreme Court's 2005 order would appear to be an attempt to mislead the court on the exhaustion issue.