UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GARY MARCHBANKS,

       Petitioner,

v.                                                      Case No. 1:06-CV-269

KURT JONES,                               HON. GORDON J. QUIST

       Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Petitioner's Objections to the Magistrate Judge's Report and Recommendation dated May 5, 2009, in which Magistrate Judge Brenneman recommended that Petitioner's petition for writ of habeas corpus be denied. Petitioner raised the following four grounds for relief in his habeas petition:

    I.    Ineffective assistance of counsel as guaranteed by the Sixth Amendment.

          Defense Counsel failed to object to damaging hearsay testimony by no less than four people. These statements were supposedly about a conversation between complainant and the four testifying [witnesses] four to five months after the [alleged] crime.

    II.   During trial, petitioner objected to expert testimony brought by the prosecution witness Norman Saur which denied Due Process as guaranteed by the Fourteenth Amendment.

          Testimony by Norman Saur, a Forensic Anthropolgist [sic] relating to identification of a thumb from a photograph, was brought by the prosecution. This testimony consisted of over 30% of prosecution's case in chief, and was not in the first trial that ended in a hung jury 6-6. The [appellate] court ruled error but harmless.

    III.  Due Process by denial of Discovery which is guaranteed by the Fourteenth Amendment.

          Previous to trial, many motions were filed for discovery, specifically, a computer hard drive. All of which were denied.

> IV. Due Process by admitting other acts evidence on rebuttal as guaranteed by the Fourteenth Amendment.
>
> Prosecutor elicited a denial on cross examination, about knowledge of [child] pornography found at defendant's house. Judge then allowed rebuttal testimony about pictures not discussed on direct examination or in prosecutor['s] case in chief.

(Report & Recommendation at 5-6.)

The magistrate judge concluded that Issues I and III were procedurally defaulted because the Michigan Court of Appeals concluded that Petitioner abandoned those issues on appeal by failing to adequately develop them. Regarding Issue II – the trial court's erroneous admission of the thumb identification evidence – the magistrate judge, after setting forth in detail the evidence admitted at Petitioner's trial, concluded that the erroneous admission of the thumb identification testimony did not deny Petitioner a fundamentally fair trial in light of the other evidence supporting Petitioner's conviction. Finally, the magistrate judge concluded that Issue IV – the trial court's erroneous admission of MRE 404(b) evidence – should be rejected because even if the trial court erred in admitting the "other acts" evidence, Petitioner failed to show that the error denied him a fundamentally fair trial or violated clearly established Supreme Court precedent.

In his Objections, Petitioner takes issue with all of the magistrate judge's conclusions. Having conducted a *de novo* review of the report and recommendation with regard to each ground, the Court concludes that the report and recommendation should be adopted.

Petitioner first contends that the magistrate judge erred in concluding that Issues I and III are procedurally defaulted. Petitioner contends that the magistrate judge failed to fully address procedural default because he did not consider whether the procedural bar was both independent and adequate, as well as regularly followed. Petitioner further contends that the Michigan Court of Appeals improperly concluded that Petitioner abandoned Issues I and III because the authority the court cited for abandonment, *People v. Watson*, 245 Mich. App. 572, 629 N.W.2d 411 (2001), is

premised upon a defendant's failure to cite *any* authority, whereas Petitioner did cite a "few" authorities. Petitioner's arguments fail because while the magistrate did not specifically consider whether the asserted procedural bar was both independent and adequate, a review of Michigan cases shows that the principal of abandonment is regularly applied and is a ground independent of the merits. Moreover, *Watson* does not stand for the mere proposition that a party is deemed to have abandoned an issue by failing to cite any legal authority for its position. Rather, abandonment occurs in a broad sense where a party fails to develop its legal position in its brief. *Watson* thus states: "An appellant may not merely announce his position and leave it to the Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment [of an issue] with little or no citation of supporting authority." *Id.* at 587, 629 N.W. 2d at 421-22 (internal quotation and citation omitted). In this case the Michigan Court of Appeals rejected Issues I and III as abandoned because Petitioner gave these issues only cursory treatment and cited general propositions of law, not because he failed to cite any case on point.

Petitioner also suggest that the Court should review his defaulted claims because he refiled his petition on April 26, 2006, as the Court suggested, asserting only his exhausted claims. As the Court understands it, Petitioner argues that because he has now exhausted his ineffective assistance of counsel claims through a motion under M.C.R. 6.508(D), this Court should hear the merits of Issues I and III because Petitioner has exhausted the issues of inadequate briefing of Issues I and III. As Petitioner accurately notes, however, Petitioner was given the option to either exhaust his unexhausted claims and then refile his petition after all claims had been exhausted or file a new petition raising only the exhausted claims. Petitioner chose the latter option, but then moved for a stay while he pursued his unexhausted claims. The magistrate judge denied Petitioner's motion to hold his petition in abeyance, concluding that the request was contrary to the prior order denying the request for the stay and abeyance procedure. Because Petitioner is merely attempting to reargue

3

the magistrate judge's previous denial of Petitioner's motion to add claims of ineffective assistance of appellate counsel, the Court rejects the argument.

Regarding Issue II, Petitioner contends that the magistrate judge erred in concluding that the admission of Dr. Saur's thumb identification testimony did not deny Petitioner a fundamentally fair trial. Petitioner contends that Dr. Saur's testimony was over 30% of the prosecution's case in chief and was not used in Petitioner's previous trial, which resulted in a hung jury. The Court agrees with the magistrate judge, however, that there was other substantial evidence of Petitioner's guilt, such that the introduction of Dr. Saur's testimony did not deny Petitioner a fundamentally fair trial. The cases Petitioner cites, *Ghent v. Woodford*, 279 F.3d 1121 (9th Cir. 2002), and *United States v. Bauer*, 132 F.3d 504 (9th Cir. 1997), are distinguishable because the defendants in both cases admitted committing the charged acts but claimed that they lacked the required state of mind to commit the crimes. The erroneously admitted testimony went to the critical issue of whether the defendants had the requisite intent. In the instant case, Petitioner did not admit performing the charged acts and the evidence did not go to his state of mind.

Finally, Petitioner contends that the magistrate judge erred in concluding that Issue IV does not present a ground for granting habeas relief. Petitioner contends that the magistrate judge failed to recognize that the trial court's admission of MRE 404(b) evidence constituted improper rebuttal. The Court disagrees. The magistrate judge correctly stated that state court evidentiary rulings are not subject to federal habeas review unless the error denied the petitioner a fundamentally fair trial. It appears that the evidence was properly admitted, but even if it were not, Petitioner fails to show that the admission of the other bad acts evidence violated a federal constitutional right.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth

4

Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued May 5, 2009 (docket no. 53) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's Objections (docket no. 54) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court. This case is **concluded**.

Dated:  June 26, 2009                                          /s/ Gordon J. Quist
                                                               GORDON J. QUIST
                                                               UNITED STATES DISTRICT JUDGE